1
2
3
4
5            UNITED STATES DISTRICT COURT
6        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                  OAKLAND DIVISION
8

9  CARDELL NEWTON,                    Case No:  C 11-00309 SBA

10          Plaintiff,               **ORDER DISMISSING ACTION**
                                     **WITHOUT PREJUDICE**
11       vs.

12  OFFICER CURZEN and SAN QUENTIN
    STATE PRISON,
13
            Defendants.
14

15

16       On January 21, 2011, Plaintiff Cardell Newton, acting pro se, filed the instant action

17  in this Court against Defendants Officer Curzen and San Quentin State Prison.  Plaintiff,

18  who is not incarcerated and has paid the requisite filing fee of $350, alleges that Defendants

19  failed to timely send his legal mail to Judge Jeremy Fogel (formerly of this Court), which,

20  in turn, "denied [him] the right to contest a conviction."  Dkt. 1 at 5.[1]  This action was

21  originally assigned to Magistrate Judge Laporte, but was subsequently reassigned to the

22  undersigned.  Dkt. 11.

23

24  _____
       [1] Although Plaintiff does not identify the federal action, the Court's docket indicates
25  that Plaintiff previously filed a habeas petition that was assigned first to Judge Fogel and
    later to Judge Richard Seeborg.  See Newton v. People of the State of Cal., No. C 08-3301
26  RS.  On February 22, 2010, Judge Fogel dismissed the petition with leave to amend.  The
    Order, however, was retuned as undeliverable.  Judge Seeborg subsequently dismissed the
27  action on April 12, 2010.  There is no indication in the docket that Plaintiff sought relief
    from the dismissal based on Defendants' alleged failure to timely send his legal mail, as
28  alleged in the instant Complaint.

On April 25, 2012, the Court issued an order to show cause why the instant action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). Dkt. 23. Generally, under Rule 4(m), the failure to serve a defendant within 120 days after the complaint is filed requires that a court dismiss the action without prejudice against the unserved defendant or require service to be accomplished within a specified time. Fed. R. Civ. P. 4(m). However, courts have discretion under Rule 4(m) to extend the time for service upon a showing of good cause. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).

In his response to the order to show cause, Plaintiff claims that he is innocent of the crime for which he was convicted in state court, and that Defendants' actions caused him to lose his federal challenge to that conviction. Dkt. 24 at 1. Plaintiff further states that he should be allowed additional time to effect service on Defendants so that he can hire a registered process server. Id. These contentions are unpersuasive. The merits of Plaintiff's case have no bearing on why he has yet to serve Defendants. Moreover, Plaintiff offers no explanation why did not retain the services of a registered process server earlier in the action. Moreover, in her May 6, 2011 Order, Magistrate Judge Laporte specifically warned Plaintiff that he had not complied with Rule 4(m).[2] Despite such warning, Plaintiff has made no effort to properly serve Defendants since that time. Thus, given the record presented, the Court finds that Plaintiff has failed to demonstrate good cause under Rule 4(m) for an extension of time to effect service. Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m). The Clerk shall close the file and terminate all pending matters.[3]

---

[2] Judge Laporte issued an order to show cause why the action should not be dismissed based on Plaintiff's failures to appear at the initial Case Management Conference, to file a Case Management Statement, and to serve Defendants within the time specified by Rule 4(m). Dkt. 6. The action was reassigned to the undersigned before Judge Laporte was able to rule on her order to show cause.

[3] Prior to the issuance of the order to show cause by this Court, Plaintiff filed a motion for default judgment. Dkt. 22. However, the Clerk declined to enter defaults against Defendants. Therefore, Plaintiff's motion for default judgment is denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      IT IS SO ORDERED.

Dated:  January 30, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NEWTON et al,

                Plaintiff,

   v.

CURZEN et al,

                Defendant.
_____/

Case Number: CV11-00309 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cardell Newton
718 33rd Street
Oakland, CA 94609

Dated: January 31, 2013

                                    Richard W. Wieking, Clerk

                                    By: Lisa Clark, Deputy Clerk